**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDIN DONALDO TABORA-BRIZUELA** | : | |
| | : | **CIVIL ACTION** |
| **v.** | : | **No. 26-7010** |
| | : | |
| **SECRETARY MARKWAYNE MULLIN, ET AL.** | : | |

**McHUGH, J.** **September 28, 2026**

**MEMORANDUM**

This is an immigration habeas case arising out of the arrest of a foreign national, Petitioner Edin Donaldo Tabora-Brizuela. He was taken into custody during an immigration raid targeting another individual and filed a petition for a writ of habeas corpus contending that his arrest was unlawful because it was not made pursuant to a warrant. The Government disputed that contention, representing that Immigrations and Customs Enforcement ("ICE") "provided Petitioner with the [warrant] form the same day," ECF No. 4 at 3, such that he was lawfully detained pursuant to Section 236(a) of the Immigration and Nationality Act ("INA"). The artful language of the Government's response prompted this Court to issue an Order requiring it to establish *when* precisely the warrant was issued, and a hearing revealed that it was issued *after* he was arrested and taken into ICE custody. A warrant is meant to operate prospectively, serving as a check on the exercise of government power. Allowing its issuance retroactively would render it a meaningless formality. Because I am persuaded that ICE violated both the INA and Petitioner's right to due process, an order granting his release has been issued.

## I. Relevant Background

Petitioner is a native and citizen of Honduras. ECF No. 1 at 2; ECF No. 4 at 3. He was previously stopped or detained at the border and released. ECF No. 1 at 2; ECF No. 4 at 3. ICE

contends that upon release he was served with a notice to appear, but Petitioner, through counsel, disputes that. ICE records reflect no criminal history. ECF No. 4-1 at 4.

On September 12, 2026, ICE arrested Petitioner during an operation in North Philadelphia targeting a different individual. ECF No. 4 at 3; ECF No. 4-1 at 3. Petitioner was a passenger in a car that ICE thought the target was driving. ECF No. 4-1 at 3.[1] According to bodycam footage that the Government produced, officers stopped the car at approximately 8:29:50 in the morning. An officer approached the passenger seat where Petitioner was sitting at approximately 8:30:14, and he was in handcuffs by about 8:31:35. Neither Petitioner nor any other occupant of the vehicle made any attempt to flee or resist. Officers appear to have begun asking Petitioner identifying questions as they handcuffed him. He was then placed in an ICE vehicle and transported for processing. Respondents have attached a copy of the Form I-200 warrant to their answer, ECF No. 4-2 at 2, but as noted at the outset, they now concede that it was prepared and served after the arrest.

## II. Standard of Review

This petition is brought under 28 U.S.C. § 2241, which authorizes federal district courts to grant habeas relief to individuals "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The petitioner has the burden of establishing unlawful detention. *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[1] ICE has since released the driver of the car, whom it misidentified. *See* Response to Petition for Writ of Habeas Corpus to Dismiss as Moot, *Martinez Leonor v. Mullin*, No. 26-7119, at 2 (E.D. Pa. Sept. 22, 2026).

## III. Discussion

Petitioner alleges that he is being held in custody in violation of the INA and the Constitution. I agree on both issues.

### A. Immigration and Nationality Act

Petitioner first argues that he is in custody in violation of the INA. Section 236(a) of the INA states that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). The language of this provision is clear: Section 236(a) "requires a warrant for arrest." *Hernandez v. Blanche*, No. 26-6195, 2026 WL 2569475, at *3 (E.D. Pa. Aug. 31, 2026); *see also Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("[A]bsent a warrant a noncitizen may *not* be arrested and detained under section 1226(a). To put it simply, Petitioners' detentions are improper because there is no evidence in the record that they were arrested pursuant to a warrant."); *J.A.C.P. v. Wofford*, No. 25-1354, 2025 WL 3013328, at *8 (E.D. Cal. Oct. 27, 2025) (same); *Chiliquinga Yumbillo v. Stamper*, No. 25-479, 2025 WL 2783642, at *5 (D. Me. Sept. 30, 2025) (similar); *Naula Sagbay v. Jamison*, No. 26-7265, 2026 WL 2875765, at *5 (E.D. Pa. Sept. 24, 2026) (Section 236(a) "is not even triggered unless an arrest warrant is issued. If the alien has not been arrested on a warrant, then the subsequent provisions giving the Attorney General discretion to detain or release the arrested alien are likewise not triggered.") (quoting *Florida v. United States*, 660 F. Supp. 3d 1239, 1276 (N.D. Fla. 2023)) (alteration in original); *Victor O. v. Bondi*, No. 26-1122, 2026 WL 392428, at *2 (D. Minn. Feb. 11, 2026) (same); *Cristian Z. v. Bondi*, No. 26-157, 2026 WL 123116, at *2 (D. Minn. Jan. 16, 2026) (same); *Quezada-Estrada v. Lyons*, No. 26-1599, 2026 WL 1361880, at *5 (D. Colo. May 15, 2026) (similar); *Alberto C.M. v. Noem*, 817 F. Supp. 3d 735, 739 (D. Minn. 2026) ("ICE does not have authority

to detain a noncitizen under § 1226 who was arrested without a warrant.”). Respondents have admitted that ICE lacked a warrant for Petitioner at the time that officers arrested him. On its face, therefore, Section 236(a) does not provide a basis for the Government to hold Petitioner in custody.

Section 287(a)(2) of the INA provides ICE officers with limited authority to make warrantless arrests. 8 U.S.C. § 1357(a)(2); *see Arizona v. United States*, 567 U.S. 387, 408 (2012). An officer may arrest a noncitizen without a warrant if they have reason to believe that the noncitizen is violating certain immigration laws or regulations and “is likely to escape before a warrant can be obtained.” 8 U.S.C. § 1357(a)(2); *see, e.g.*, *Rea v. Ball*, No. 26-1248, 2026 WL 1959270, at *2 (N.D.N.Y. July 2, 2026) (describing the narrow circumstances in which warrantless arrests are permissible). In this context, courts interpret “reason to believe” as equivalent to “probable cause.” *Lee v. Immigr. & Naturalization Serv.*, 590 F. 2d 497, 500 (3d Cir. 1979); *see also Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1216 (D. Colo. 2025) (citing decisions from other circuits). The probable cause analysis turns on what the arresting officer knew at the time they took the individual into custody. *Ramirez Ovando*, 810 F. Supp. 3d at 1231. Information that the officer learns after an arrest cannot justify a warrantless arrest, as an officer cannot form a belief about probable cause based on information they do not know. *See Henry v. United States*, 361 U.S. 98, 102-04 (1959).

Respondents cite Section 287(a)(2) and the authority it provides for warrantless arrests. ECF No. 11 at 4. But they do not attempt to explain how the facts satisfy the requirements of Section 287(a)(2) here, nor could they. The only facts that the arresting officers knew about Petitioner were that he was a Latino male passenger in a car with a person of interest (who turned out not to be the right person). That hardly establishes a basis to conclude that Petitioner committed an immigration violation. *See Ybarra v. Illinois*, 444 U.S. 85, 91 (1979) (stating that

"mere propinquity to others independently suspected of criminal activity" does not establish probable cause). The bodycam footage shows that no one attempted to flee. And the immediate nature of the arrest—the officers were seeking someone else and handcuffed Petitioner before even identifying him —demonstrates that they could not possibly have considered any other information before making the arrest. On this record, Section 287(a)(2) provides no authority for a warrantless arrest.

Respondents' citation to *Oliva-Ramos v. Attorney General*, 694 F. 3d 259 (3d. Cir. 2012), is inapposite.[2] There, the Circuit grappled with whether the exclusionary rule should apply during removal proceedings. Petitioner here does not rely on the Fourth Amendment, and the issue is the legality of Petitioner's arrest, not exclusion of evidence. Nor do I read *Oliva-Ramos* as holding that arguments such as those raised here can only be raised in the immigration courts. Respondents also cite Judge Perez's opinion in *Par v. Jamison*, No. 26-3504, 2026 WL 1603299 (E.D. Pa. June 4, 2026), but she noted at the outset of her analysis that the fact the petitioner there was subject to a final order of removal "materially alter[s] the legal posture of this case." 2026 WL 1603299 at *1. When presented with facts similar to those here, Judge Perez ordered release. *See Hernandez*, 2026 WL 2569475.

In sum, Petitioner's arrest and detention violate the INA, providing grounds for habeas relief.

[2] Respondents also cite *Johnson v. United States*, 265 Fed. Appx. 79 (3d Cir. 2008). The Court of Appeals gives no weight to its non-precedential opinions, nor will I. I have previously observed how reliance upon non-precedential decisions invites reversal. *Allegheny Cnty. Empls.' Ret. Sys. v. Energy Transfer LP,* 532 F. Supp. 3d 189, 236 (E.D. Pa. 2021).

**B. Due Process Clause**

Petitioner further contends that his continued detention violates due process. The Fifth Amendment protects all persons, including noncitizens, from deprivation of "life, liberty, or property, without due process of law." U.S. Const. Amend. V; *see Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). Although Petitioner alleges violations of both substantive and procedural due process, I address only the procedural due process claim, which is sufficient to establish that Petitioner's detention violates the Constitution.

The "ordinary mechanism" for determining procedural due process claims "is the test that [the Supreme Court] articulated in *Mathews v. Eldridge*, 424 U.S. 319 (1976)." *Hamdi v. Rumsfeld*, 542 U.S. 507, 528-29 (2004) (citation shortened). "*Mathews* dictates that the process due in any given instance is determined by weighing 'the private interest that will be affected by the official action' against the Government's asserted interest, 'including the function involved' and the burdens the Government would face in providing greater process." *Id.* at 529 (quoting *Mathews*, 424 U.S. at 335). "The *Mathews* calculus then contemplates a judicious balancing of these concerns, through an analysis of 'the risk of an erroneous deprivation' of the private interest if the process were reduced and the 'probable value, if any, of additional or substitute procedural safeguards.'" *Id.* (quoting *Mathews*, 424 U.S. at 335).

Petitioner's private interest—"the interest in being free from physical detention"—is "the most elemental of liberty interests," *id.*, and "it is clear that commitment for *any* purpose constitutes a significant deprivation of liberty that requires due process protection." *Id.* at 530 (quoting *Jones v. United States*, 463 U.S. 354, 361 (1983)) (alteration in original). "The Supreme Court has recognized that conditional release, as of a parolee, while not unrestricted liberty, 'is valuable and must be seen as within the protection of the' Due Process Clause." *Dzehtisarou v.*

*Mullin*, No. 26-5060, 2026 WL 2211392, at *4 (E.D. Pa. July 31, 2026) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)). "Due to his detention under § 1226(a), Petitioner is owed the process due under that statute," *id.*, which in this case required a warrant before arrest.

I recognize the immigration-enforcement and public-safety interests of the Government. *See id.* at *6. Viewed narrowly, that governmental interest weighs against relief. But to the extent that the Government's interest is more broadly served by promoting the rule of law, granting relief here also serves its interest, because "principles of due process require an agency to follow its own regulations, which have the force of law." *Marshall v. Lansing*, 839 F. 2d 933, 943 (3d Cir. 1988). The INA and Department of Homeland Security ("DHS") regulations plainly define the scope of ICE's authority to make warrantless arrests. 8 U.S.C. § 1357(a); *see also* 8 C.F.R. § 287.8(c)(2)(ii) ("A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained."). There is no dispute that ICE failed to comply with those rules, and requiring it do so does not amount to a detrimental "burden."

Finally, the risk of erroneous deprivation is significant when officers act without forethought and deliberation. As well stated in *Yeleshev v. Larocco*, "when someone is arrested first, and the reasons located later, there is an inevitable pressure to 'justify' or find some legal basis for removal proceedings, which heightens the risk of error and in other cases, something far worse. And mistaken, illegal, or pretextual arrests lead to people spending time in detention" without legal justification. No. 26-2294, 2026 WL 1353806, at *3 (E.D.N.Y. May 14, 2026).

Taken together, two of the three *Mathews* factors counsel for the finding of a procedural due process violation, with the third factor mixed. Petitioner's arrest and detention therefore violate the Due Process Clause, providing an independent basis for habeas relief.[3]

**C. Concerns presented by post-hoc warrant practice**

The central element of this case is ICE's contention that a post-hoc warrant can be created to legitimize a prior arrest. This position is baseless under both the INA and the Constitution. It warrants further comment, because the implications of ICE's position are deeply troubling.

Starting with the text, "[w]hen called on to resolve a dispute over a statute's meaning, [a court] normally seeks to afford the law's terms their ordinary meaning at the time Congress adopted them." *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021). Section 236(a) of the INA is clear: "*On a warrant* issued by the Attorney General, an alien may be arrested *and* detained . . ." 8 U.S.C. § 1226(a) (emphasis added). "'And,' in grammatical terms, is of course a conjunction—a word whose function is to connect specified items." *Pulsifer v. United States*, 601 U.S. 124, 133 (2024). At the time Congress adopted this language,[4] the word "and" had the same meaning that it always has. *Id.* at 133 (noting definitions of "and" as "along with or together with") (quoting Webster's Third New International Dictionary 80 (1993)). The conditional clause in Section 236(a), "on a warrant," applies to each of the terms in the main clause, "arrested" and "detained":

---

[3] I do not reach Petitioner's argument that he was detained without an individualized custody determination. *See Dos Reis v. McShane*, No. 26-3775, 2026 WL 1746649, at *4-5 (E.D. Pa. June 17, 2026) (granting habeas petition where ICE did not make an individualized custody determination before detaining noncitizen under § 236(a)).

[4] Congress adopted the current version of Section 236(a) in 1996. *See* Pub. L. 104-208 § 303 (1996). Similar authority previously appeared in Section 242 of the INA. *See* 8 U.S.C. § 1252(a)(1) (1995) ("Pending a determination of deportability in the case of any alien as provided in subsection (b) of this section, such alien may, upon warrant of the Attorney General, be arrested and taken into custody.").

the arrest must be "on a warrant" *and* the detention must be "on a warrant."[5] A warranted detention subsequent to a warrantless arrest is not permissible under the plain language of the statute. *See Matter of Q. Li*, 29 I. & N. Dec. 66, 69 n.4 (BIA 2025) ("The regulation implementing DHS' authority to conduct arrests under section 236(a) authorizes a prospective arrest and contemplates that the subject of the warrant has not yet been arrested and taken into custody at the time the warrant is issued.").

An arrest is not "on a warrant" when the Government creates a warrant after the arrest occurs. *See Ramirez Ovando v. Noem*, 810 F. Supp. 3d 1209, 1226 (D. Colo. 2025) ("[I]ssuing *post hoc* warrants once plaintiffs had already been unlawfully arrested does nothing to cure the initial statutory violation."). Accordingly, "[u]sing an after-the-fact warrant to justify a prior arrest . . . is statutorily prohibited under the INA." *Parada Cruz v. Mullin*, 837 F. Supp. 3d 404, 410 (E.D.N.Y 2026). "At one level, today's dispute may seem semantic, focused on a single word, a small one at that. But words are how the law constrains power." *Niz-Chavez*, 593 U.S. at 172. "To give Congress's words meaning and force," I follow other courts around the country in holding that the post-hoc warrant in this case "had no legal effect." *Ramirez Ovando*, 810 F. Supp. 3d at 1226; *see also Quezada-Estrada*, 2026 WL 1361880 at *5 ("This Court therefore concurs with the other district courts to conclude that a *post hoc* warrant does not permit detention that arose from an unlawful warrantless arrest.").

[5] One could argue that the INA treats arrest and detention as an interrelated process, *see Cocha v. Tsoukaris*, No. 26-9857, 2026 WL 2806733, at *2-3 (D.N.J. Sept. 18, 2026), but the plain language of Section 236(a) mandates that both the arrest and the detention be "on a warrant." To hold otherwise would render the word "arrested" superfluous.

Post-hoc warrant practice is by any measure "constitutionally problematic." *Parada Cruz*, 837 F. Supp. 3d at 410. Allowing the Government to launder an unlawful arrest through a post-hoc warrant would greenlight authorities to make baseless arrests and conjure a reason to hold them later. *See Gopie v. Lyons*, No. 25-5229, 2025 WL 3167130, at *3 (E.D.N.Y. Nov. 13, 2025). "Except in the limited circumstances permitting warrantless arrests (which often all turn on the existence of exigent circumstances), due process does not tolerate arrest first and charge later schemes, regardless of how 'technical' the failures may seem." *Yeleshev*, 2026 WL 1353806 at *3.

The rule of law is built upon multiple procedural safeguards. The requirement of a warrant is one of the most fundamental, and one that should be consistently enforced by the courts.

**D. Remedy**

"'Habeas is at its core a remedy for unlawful executive detention' and 'the typical remedy for such detention is, of course, release.'" *Rea*, 2026 WL 1959270 at *4 (quoting *Munaf v. Geren*, 553 U.S. 674, 693 (2008)) (alterations in original). This remedy is appropriate here. *See Chogllo Chafla*, 804 F. Supp. 3d at 264 (finding immediate release justified where the government did not comply with the plain language of INA § 236(a)).

## IV. Conclusion

For the reasons set forth above, the petition has been granted.

/s/ Gerald Austin McHugh
United States District Judge